IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIQUEZ McCAA, Reg. #13353-002, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN – COLEMAN I, UNITED ) <br> PENITENTIARY,[1] ) <br> ) <br> Respondent. ) | CIVIL ACTION NO.: 2:21-CV-298-MHT-SRW <br> [WO] |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This habeas action was initiated when the district judge assigned to this case entered an order construing the motion for jail credit filed by Petitioner, Cedriquez McCaa ("McCaa"), in his criminal case, *United States v. McCaa,* 2:10-CR-191-MHT (M.D. Ala.), as a 28 U.S.C. § 2241 petition for habeas corpus relief.  Doc. 1 (citing generally *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.")).

Petitioner is an inmate incarcerated at the United States Penitentiary in Coleman, Florida, serving a sentence imposed by this court on November 22, 2011.  In the criminal case, this court sentenced McCaa to a term of 188 months' imprisonment following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *See United States v. McCaa,* 2:10-CR-191-MHT (M.D. Ala.) – Doc. 56.

---

[1]The proper respondent in this habeas action is McCaa's custodian, the Warden of the Coleman I United States Penitentiary.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (finding "the proper respondent to a habeas petition is 'the person who has custody over [Petitioner].'").  The court therefore lists the Warden as Respondent in the style of this case.

In the instant § 2241 petition, McCaa contends that the Federal Bureau of Prisons ("BOP") has improperly calculated the jail credit he is due against the sentence imposed upon him by this court. Doc. 2. Specifically, McCaa argues that the BOP has improperly denied him at least 13 months of jail credit against his federal sentence for time spent in federal custody awaiting trial and sentencing. Doc. 2 at 3–4.

Upon review of McCaa's claim challenging the amount of jail credit awarded to him by the BOP and based on applicable federal law, the undersigned finds that this § 2241 petition should be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.[2]

## II. DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (explaining that a federal prisoner may challenge the deprivation of good-time credits in a § 2241 petition); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (finding that challenges to execution of a sentence are properly brought under § 2241); *Williams v. Pearson*, 197 F. App'x. 872, 876 (11th Cir. 2006) (holding that a petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute); *Nyhuis*, 211 F.3d at 1345 (recognizing that claims for jail time credit are properly raised in a habeas petition under § 2241).

---

[2]McCaa has not submitted the required filing fee nor an application for leave to proceed *in forma pauperis*. However, the court finds that assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Florida.

2

A writ of habeas corpus pursuant to 28 U.S.C. §2241 is the proper avenue of relief when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction. *United States v. Allen*, 124 F. App'x. 719, 721 (3rd Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. ' 2241[.]"); *Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001) (holding that "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (a civil action challenging administration of service credits by the BOP, including calculation, awarding and withholding of time credits, involves execution rather than imposition of sentence and thus is a matter for habeas corpus review in the district court of incarceration).

As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Allen*, 124 F. App'x. at 721 (holding that a § 2241 petition for habeas corpus seeking additional credit time from the BOP must be "directed to the district court in the United States District where the petitioner is incarcerated[.]"). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained[.]"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas

3

> statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439–40 (1867)).
>
> In accord with the statutory language and *Wales*' immediate custodian rule, . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).

McCaa is now and was at the time of filing this action incarcerated at USP Coleman I in Coleman, Florida, a city located in Sumter County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b).

> "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden [v. 30th Judicial Circuit Court of Ky.*], 410 U.S. [484], at 495, 93 S.Ct. 1123 . . . [(1973)]. Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States*, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed .2d 329 (1961). Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338."

*Rumsfeld*, 542 U.S. at 442.

Since McCaa was, at the time he filed this action, and currently is incarcerated at USP Coleman I, this court cannot consider the instant 28 U.S.C. § 2241 petition for writ of habeas corpus relief. However, under 28 U.S.C. § 1631, a federal court that finds it cannot entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. "Section 1631 is analogous in operation to

4

28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984).  Because McCaa is proceeding *pro se* and seeks habeas corpus relief that is proper under 28 U.S.C. § 2241, the undersigned finds it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida for review and determination.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1631.

On or before **May 14, 2021**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the factual findings and legal conclusions contained in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on

appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 27th day of April, 2021.

                                                   /s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge